**R. R. WAITES COMPANY, INC.,**
Respondent,

v.

**E. H. THRIFT AIR CONDITIONING, INC., Appellant.**

**No. KCD 26578.**

Missouri Court of Appeals,
Kansas City District.

June 3, 1974.

Scott O. Wright and Larry M. Burditt, Brown, Wright & Willbrand, Columbia, for defendant-appellant.

Darwin A. Hindman, Jr., Columbia, for plaintiff-respondent.

Before DIXON, C. J., and SHANGLER and WASSERSTROM, JJ.

SHANGLER, Judge.

This action for the contract price of air cabinets made to order by plaintiff and delivered to defendant was initiated in the magistrate court. Plaintiff had judgment and defendant appealed to the circuit court. The cause was submitted de novo to a jury which returned a verdict for plaintiff. Defendant appeals to this court.

The defendant was engaged as subcontractor for the installation of air ducts at a Ramada Inn project. Plaintiff corporation is a manufacturer's representative for air products and on October 13, 1967, submitted to defendant a quotation to furnish air cabinets for the construction project. In June of 1968, at the request of defendant, plaintiff sent defendant submittal drawings of the air cabinets conforming exactly to the plans and specifications of the architect. At the same time, plaintiff alerted the factory of the possible order with instructions to hold the air cabinets [made to order by the factory] until released by the purchaser. It was plaintiff's evidence [but denied by Thrift, president of the defendant corporation] that in November of 1968, Thrift requested plaintiff to release the equipment—which, in the industry, means an order to the supplier for shipment. On that same day, plaintiff instructed the factory to ship the air cabinets and in December of 1968 the merchandise was received by defendant.

Thrift testified that he informed plaintiff's salesman by telephone in December of 1968 that he could not use the air cabinets; there had been an error in the construction plans which rendered their use unfeasible. Thrift asked to return them;

plaintiff refused to take them back but offered to find an outlet for the cabinets. The plaintiff had received no communication from defendant by April of 1969, so Waites, plaintiff's president, called Thrift, who once again expressed his wish to return the cabinets and, once again, was told that return would not be accepted and that, although plaintiff would try to sell the equipment for defendant, there had not been any other inquiry for such merchandise. On May 14, 1969, without authority of plaintiff, defendant shipped the cabinets back to plaintiff. No payment has been made for the goods by defendant.

The cause was submitted to the jury by plaintiff's verdict-director, Instruction No. 3:

"Your verdict must be for plaintiff if you believe:

1. Defendant agreed to purchase from plaintiff one (1) lot of Brandes No. 8358 air cabinets with end caps, strips, filler, grills and dampers for the price of Three Hundred Fifty Seven Dollars and Forty One Cents ($357.41), and

2. Plaintiff agreed to sell said goods to defendant for said price, and

3. Plaintiff delivered said goods to the defendant, and

4. Defendant did not perform his promise to pay, and

5. Plaintiff was damaged thereby."

■ The defendant contends error in that the instruction, which submits action for the price, fails to require [in the terms of § 400.2–709, RSMo 1969, V.A.M.S., which governs such actions] that the goods were accepted or that plaintiff was unable after reasonable effort to resell the goods or that the circumstances reasonably indicated that such effort would be unavailing. The relevant portions of that statute provide:

"400.2–709 Action for the price

(1) When the buyer fails to pay the price as it becomes due the seller may recover, together with any incidental damages under section 400.2–710, the price

(a) of goods accepted . . .; and

(b) of goods identified to the contract if the seller is unable after reasonable effort to resell them at a reasonable price or the circumstances reasonably indicate that such effort will be unavailing."

Accordingly, under subsection (a), an action for the price accrues to the seller when the goods have been accepted by the buyer, in which event, the requirements of subsection (b) that the seller make an effort to resell the goods—which relate to goods that have been neither delivered, tendered, nor otherwise accepted—do not become operative. See U.C.C. Comment (2) to § 400.2–709. There can be no doubt that defendant accepted the goods. The only evidence on that issue was given by Thrift, the defendant's president. He acknowledged that the cabinets had been delivered to him and that, although they were of no use because of architectural error, they conformed in all respects to the contract. An acceptance of goods occurs under § 400.2–606 when the buyer (a) after a reasonable opportunity to inspect the goods signifies to the seller that the goods are conforming; or (b) fails to make an effective rejection. When, as here, the goods conform to the contract, the buyer has a positive duty to accept and the legal obligation to pay according to the contract terms is established. [U.C.C.Comment (1) to § 400.2–606; U.C.C.Code Comment (3) to § 400.2–602; § 400.2–301].

■ Nor may defendant's return of the air cabinets be construed as a rightful rejection of goods under § 400.2–602. A delivery or tender by the seller of goods which in all respects conform to the contract gives rise to a positive duty on the buyer to accept and his failure to do so constitutes a wrongful rejection which gives

the seller immediate remedies for breach. [U.C.C.Comment (3) to § 400.2–602].

We conclude, therefore, that Instruction No. 3 properly submitted an action for the price under the evidence; that acceptance was shown as a matter of law and that defendant could not, by the device of returning the goods, cast upon plaintiff the burden of resale of conforming goods already delivered.

The judgment is affirmed.

All concur.